IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUZZ PHOTO, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:20-cv-656-K-BN |
| | § | |
| THE PEOPLE'S REPUBLIC OF CHINA, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING LEAVE TO FILE AN AMICUS BRIEF

In this case that United States District Judge Ed Kinkeade has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), David Andrew Christenson has made some 19 filings related to his desire to proceed as an amicus.

But, as the Court's local rules provide, "[a]n amicus brief may not be filed without leave of the presiding judge," and "[t]he brief must specifically set forth the interest of the amicus curiae in the outcome of the litigation." N.D. TEX. L. CIV. R. 7.2(b); *see also In re Allied Pilot Class Action Litig.*, No. 3:99-cv-480-P, 2000 WL 1405235, at *1 n.1 (N.D. Tex. Sept. 26, 2000) (observing that, under this local rule, an amicus must "demonstrate[] sufficient interest in the outcome of the litigation to warrant leave to file [an] amicus brief[]").

The Court has reviewed Mr. Christenson's filings, and, treating them as motions for leave, the Court finds that Mr. Christenson has not demonstrated an interest in this case that warrants granting him leave to file an amicus brief. His

construed motions for leave are therefore DENIED.

Further, as the United States Court of Appeals for the Fifth Circuit has observed,

> [a]n amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*In re Halo Wireless*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

Measuring the filings already made by Mr. Christenson in this case against these considerations, his filings, to put it plainly, do not help the Court. They instead unduly burden the Court's resources. The Court therefore DIRECTS the Clerk of Court to not accept further fillings from Mr. Christenson in this case unless otherwise directed by the Court. *Cf. id.* ("'Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace.'" (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000))).

SO ORDERED.

DATED: August 27, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE