IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUZZ PHOTOS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:20-cv-656-K-BN |
| | § | |
| THE PEOPLE'S REPUBLIC OF CHINA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADMINISTRATIVELY CLOSING CASE
AND REQUIRING STATUS REPORT**

Plaintiffs Buzz Photos; Freedom Watch, Inc.; and Larry Klayman bring this putative class action against the People's Republic of China (the PRC); the People's Liberation Army (the PLA), "the official military arm of the PRC"; the Wuhan Institute of Virology (the Institute), "a biological laboratory" that Plaintiffs "allege includes an illegal biological weapons laboratory"; Shi Zhengli, "the Director of the [Institute]"; and Major General Chen Wei "of China's PLA, at the PLA's Academy of Military Medical Sciences," seeking $20 trillion in damages. *See* Dkt. No. 1, ¶¶ 17-21, 24, & 25.

United States District Judge Ed Kinkeade referred Plaintiffs' action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

On November 24, 2020, the undersigned denied Plaintiff's supplemented motion for alternative service. *See* Dkt. Nos. 29, 34, 37, & 38. No objections were filed. *See* FED. R. CIV. P. 72(a).

And, on December 30, 2020, the Court ordered Plaintiffs to file, by January 29, 2021, a status report as to the service of the complaint that also provides the Court their view as to the administrative closure of this case while they continue service efforts. *See* Dkt. No. 40 (observing that "Federal Rule of Civil Procedure 4(m) provides that, '[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time' unless 'the plaintiff shows good cause for the failure,' but that provision of Rule 4 'does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)'" (quoting FED. R. CIV. P. 4(m); citing *Flanagan v. Islamic Rep. of Iran*, 190 F. Supp. 3d 138, 155 (D.D.C. 2016) (noting that "service on a foreign state is expressly exempted from Rule 4(m)'s time limit" and that "[u]nlike many situations in which a plaintiff fails to serve a defendant under Rule 4, the plaintiff's ability (or inability) to serve a foreign state may be out of her control" (citations omitted)); *Jouanny v. Embassy of France in the United States*, 220 F. Supp. 3d 34, 40 (D.D.C. 2016) ("[U]nlike the 90-day time limit on service under Rule 4(m), under the FSIA there is an unlimited time period in which to complete service." (citation omitted)))).

Through their status report, Plaintiffs explain that they "are in the process of effectuating service of process through the U.S. Department of State"; that "this type of service of process is extremely costly and also takes an inordinate amount of time, particularly given poor relations between the United States and Defendant the People's Republic of China"; and that they "anticipate that it will take at least six (6)

months to complete service." Dkt. No. 41. "Plaintiffs propose that they provide this honorable Court a status report every sixty (60) days" but "respectfully request that this case not be administratively closed since no prejudice will occur to the Defendants, particularly given their lack of respect towards this Court's authority and processes." *Id.*

Administrative closure prejudices no party to the litigation. It is simply a means to manage the Court's docket. As the United States Court of Appeals for the Fifth Circuit has explained, "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted).

And, considering Plaintiffs' Status Report and the posture of this proceeding, the Court determines that this case should be, and hereby is, ADMINISTRATIVELY CLOSED.

This action is purely an administrative preference that should not be considered a dismissal or disposition of this case (or a motion pending in this case), and any party may file a motion to reopen the case to initiate further proceedings, or the Court may take such action *sua sponte*. The Court specifically finds that this administrative closure in no way affects Plaintiffs' ability to complete service of process.

The United States District Clerk is hereby instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

And, if this case is not reopened before then, Plaintiffs must file a status report by **April 2, 2021**, to update the Court on their efforts to serve the defendants.

SO ORDERED.

DATED: February 1, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE