IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUZZ PHOTOS, *et al.*, | § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:20-cv-656-K-BN |
| THE PEOPLE'S REPUBLIC OF CHINA, *et al.*, | § § § § | |
| Defendants. | § | |

# ORDER

Before the Court is Plaintiffs' Motion to Reopen This Administratively Closed Case and Plaintiffs' Official Status Report (the "Motion to Reopen") (Doc. No. 50). Plaintiffs filed this suit in federal court on March 17, 2020. *See generally* Doc. No. 1. The undersigned referred this case to U.S. Magistrate Judge David L. Horan for pretrial management. On January 29, 2021, Plaintiffs filed a Status Report (Doc. No. 41), in response to the Court's order (Doc. No. 40), in which they represented that effectuating service of process through the U.S. Department of State "takes an inordinate amount of time," and Plaintiffs anticipated it would "take at least six (6) months". Doc. No. 41 at 1. On February 1, 2021, Judge Horan administratively closed this case, "specifically finding that this administrative closure" is "a means to manage the Court's docket" that is "'no different from a simple stay'" and "in no way affects Plaintiffs' ability to complete service of process.'" Doc. No. 42 at 3 (quoting *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)). Judge Horan also

ordered Plaintiffs to file a status report by April 2, 2021 "to update the Court on their efforts to serve the defendants." *Id.* at 4.

Plaintiffs did not effectuate service within six months nor did Plaintiffs file a status report with Court as ordered. (Despite their suggestion, Plaintiffs' "Request for Service of Process on Defendant [sic]", Doc. No. 43, filed on March 12, 2023, which was a letter directed to the Clerk of the Court, does not satisfy the Court's directive for Plaintiffs to file a "status report" with the Court.) On April 20, 2023, more than two years after the Court administratively closed this case, Plaintiffs sought an order from the Court for the assistance of the Clerk of Court to effectuate service under 28 U.S.C. § 1608(a)(4), which the Court ultimately granted. *See* Doc. Nos. 47-49.

Plaintiffs now file this Motion to Reopen. *See* Doc. No. 50. Plaintiffs request the Court reopen this matter, which they characterize as one "of great national importance," and state that they have now confirmed with the Clerk of the Court the necessary steps to effectuate service of process through the U.S. Department of State, 28 U.S.C. § 1608(a)(4). *Id.* at 2-3.

The Court has carefully considered the Motion to Reopen and the reasons set forth therein. The Motion to Reopen confirms that the posture of this case has not changed since February 2021. Plaintiffs' efforts to effectuate service remain ongoing, *see* Doc. No. 50 at 2, and there is no representation that those efforts will soon be successful. The Court finds there is no reason to lift the administrative closure at this point. Accordingly, the Court **DENIES** their motion. This case remains

administratively closed pending further order of the Court.

**SO ORDERED.**

Signed September 15th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE